JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No.  CV 21-9384 PA (AFMx) |
| Plaintiff, | JUDGMENT AND PERMANENT INJUNCTION |
| v. | |
| MOHAMMED PITHAPURWALA, AMMAR KUTIYANAWALLA, and ALIFIYA KUTIYANAWALLA, | |
| Defendants. | |

In accordance with the Court's June 10, 2022 Order granting the Motion for Default Judgment filed by plaintiff Securities and Exchange Commission ("Plaintiff"),

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     Defendant Ammar Kutiyanawalla ("Defendant") is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

        a.     to employ any device, scheme, or artifice to defraud;

b.     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c.     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2.     As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

3.     Defendant is liable for disgorgement of $261,515.78, plus prejudgment interest thereon in the amount of $50,227.76, representing total profits gained of $311,743.54 as a result of the conduct alleged in the Complaint.

4.     Defendant shall also pay a civil penalty in the amount of $261,515.78, pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

5.     Defendant shall satisfy this obligation by paying $573,259.32 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

6.     Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

-2-

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ammar Kutiyanawalla as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

7.     Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

8.     The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.  The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

9.     The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

10.     Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

11.     This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

1      12.     There being no just reason for delay, pursuant to Rule 54(b) of the Federal

2 Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and

3 without further notice.

4

5 DATED:  June 13, 2022

6                                                   Percy Anderson

7                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28